AH SING and AH YOU, his wife, *vs.* A. McINTYRE and JOHN GOMEZ.

APPEAL FROM JUDGMENT OF McCULLY, J.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

The defendant G. was the servant of defendant M. and was entrusted to drive the carriage of the latter with his son from M's. residence to Honolulu, and there left him, and was ordered to drive back to M's. house. Instead of going by the direct route home, G. drove out of his way on his own business and to see a friend, and while out of the direct route negligently drove against and injured the plaintiff, Ah You.

Held, following *Parsons vs. Winchell*, 5 Cush., 592, that M. was not liable.

Appeal dismissed.

OPINION OF THE COURT, BY PRESTON, J.

This is an action to recover two hundred dollars for damages alleged to have accrued to the plaintiff from the negligence of the defendant McIntyre's servant (defendant Gomez), in driving McIntyre's horse and carriage along Hotel street, Honolulu, against the plaintiff, Ah You.

The Police Magistrate dismissed the case against McIntyre and rendered judgment against the defendant Gomez for twenty dollars.

From this decision the plaintiff appealed to a Justice of the Supreme Court in Chambers, and the appeal was heard by Mr. Justice McCully, who rendered the following decision:

"The plantiffs complain that the defendant Gomez, the servant of the defendant McIntyre, being entrusted to drive the carriage of the latter, negligently and unskillfully drove against and injured Ah You, the plaintiff, wife of Ah Sing, co-plaintiff. It is admitted or proved that the defendant Gomez in pursuance of orders drove the defendant McIntyre's son down town and left him, and was directed to drive back to his master's house.

That he did not take the direct route thither, but drove along Hotel street to the west of Nuuanu street, on his way to see a friend of his living near St. Louis College. By his direct route he should not have gone west of Nuuanu street. He was driving rapidly and negligently about the distance of a block out of his route, when he ran against the plaintiff Ah You. She was injured severely, disabling her from work and requiring the aid of a nurse.

The sole question in argument before the Court is whether the servant in making this detour, on his own business, during which the accident occurred, was acting within the scope of his employment.

I find cases directly applicable to the facts in this case: In *Jorl vs. Morrison* (1834), 6 Car. and Payne, 501, Parke B. held that if a servant driving his master's cart on his master's business, make a detour from the direct road for some purpose of his own, his master will be answerable in damages for any occasioned by his careless driving while so out of his road. But if a servant take his master's cart without leave at a time when he is not wanted for the purpose of business, and drives it about solely for his own purpose, the master will not be answerable. Following the case in 1839, in 9th Car. and Payne, 607, *Sleath vs. Wilson*, before Erskine, J., a servant drove negligently against the plaintiff while driving out of his way on an errand of his own in the course of driving for his master: the master was held responsible, because he had put it in the servant's power to mismanage the carriage by entrusting him with it. In the decisions of the Supreme Court of the United States, Vol. 20, p. 294, *Phila. and Reading R. R. Co. vs. Derby*, 1852, the Court say: The case of *Sleath vs. Wilson*, above cited, states the law in such cases distinctly and correctly. This Court says, we find no case which asserts the doctrine that a master is not liable for the acts of a servant in his employment, when the particular act causing the injury was done in disregard of the general orders or special command of the master. Such a qualification of the maxim *respondeat superior* would in a measure nullify it. This Court

also cites the language of Mr. Justice Erskine thus : ' Whenever the master has entrusted the servant with the control of the carriage, it is no answer that the servant acted improperly in the management of it. If it were, it might be contended that if a master directs his servant to drive slowly, and the servant drives fast and through his negligence occasions an injury, the master will not be liable.

But that is not the law ; the master in such case will be liable and the ground is that he has put it in the servant's power to mismanage the carriage by intrusting him with it.'

The same doctrine with the same limitation is set forth in Smith's Master and Servant, supported by the cases here cited and many others. The law is uniform and clear ; but when I come to the matter of judgment I find a difficulty, not touched on by either counsel, in the joinder of the master and the servant as defendants. It will be observed, that in all the cases cited, the master is the sole defendant. Upon the authority of *Parsons vs. Winchell*, 5 Cush., 592, the action against the master and servant jointly cannot be maintained. The tort is not a joint one. The master is not liable as if the acts were done by himself, but because the law makes him answerable, says the Court per Metcalf, J. If the master may have suffered a judgment and satisfied it, he may call upon the servant for re-imbursement, but this he cannot do if the servant have been made a co-defendant as a joint *tort feasor*. The master cannot be deprived of this right by the plaintiff's act of joining the servant with him. Error would lie upon a judgment against them as joint defendants. Since this case comes into this Court as it was brought and adjudged in the Police Court, and must be so brought, I here dismiss the complaint."

From this decision the plaintiff appealed to this Court and contended that the defendants, sustaining the relation of master and servant to each other, were properly joined ; and cited, *Carman vs. Steubenville and Indiana R. R. Co.*, 4 Ohio, 399 ; *Wright vs. Wilcox*, 19 Wendell, 343 ; *Whitmore vs. Waterhouse*, 4 Car. and P., 383.

The case of *Carman vs. S. & I. R. R. Co.*, does not seem to apply to the case at bar. It was an action against the Company for injuries done to the plaintiff's property by a contractor employed by the company to blast stone upon the company's land which adjoined the plaintiff's land, and the Court held the company liable.

*Wright vs. Wilcox*, is an authority in favor of the plaintiff. There the Court held that the father and employer of a driver of a wagon would be liable jointly with the driver for negligence of the latter, but held that he was not liable in that case, because the act of the driver was willful.

*Whitmore vs. Waterhouse*, was an action against the proprietors and driver of a stage coach for the negligent driving of the latter, and the Court (Parke B.) held on the authority of *Michael vs. Alestree*, 2 Levinz, 172, that the defendants might be joined, but intimated that the point could be raised in arrest of judgment. Whereupon counsel for the plaintiff discontinued against the servant, and the jury having found a verdict for the other defendant, the case was not taken further.

The case of *Michael vs. Alestree*, was against master and servant jointly. The master sent his servant to train his ungovernable horses in Lincoln's Inn Fields, who being unable to govern them, they ran upon the plaintiff and injured him.

This case may be supported upon the ground that the injury was not the result of negligence on the part of the servant, but was caused by the act of the master himself in entrusting his servant with such dangerous animals.

We are of opinion that the law as laid down in *Parsons vs. Winchell* is correct, and therefore the judgment appealed from must be affirmed.

The question as to the liability of the master for the negligence of his servant was decided in the plaintiff's favor and does not arise on this appeal.

The appeal is dismissed with costs.

*J. A. Magoon*, for plaintiffs.

*P. Neumann*, for defendant McIntyre.